**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | No. 124 MAP 2016 |
| | : | |
| | : | Appeal from the Order of the Superior |
| v. | : | Court dated 5/27/16 at No. 1119 EDA |
| | : | 2015 which affirmed the order of the Court |
| | : | of Common Pleas of Montgomery County, |
| MICHAEL BRISTOL AND RCC, INC., | : | Civil Division, dated 3/20/15 at No. 2013- |
| | : | 12947 |
| APPEAL OF: MICHAEL BRISTOL | : | |


**ORDER**


**PER CURIAM**


AND NOW, this 24th day of May, 2017, the order of December 29, 2016 is amended to provide as follows:

The Petition for Allowance of Appeal is **GRANTED** to consider the following issue, as originally framed in the Petition for Allowance of Appeal:

> By affirming its Opinion in *Hopkins v. Erie Insurance Co.*, 65 A.3d 452 (Pa. Super. 2013), and ruling that:
>
> (1) a claimant seeking uninsured or underinsured motorist benefits must file a Complaint or a Petition to Compel Arbitration if the claim does not resolve within four years of the date of the underlying accident, and,
>
> (2) a claimant must file a Complaint or Petition to Compel Arbitration, contrary to the plain language of the Arbitration Act of 1927, 42 Pa.C.S. § 7304(a), which requires a claimant to file a Complaint or

Petition only when "an opposing party refuse[s] to arbitrate,"

did the Superior Court create a new rule that is contrary to prior decisions of this Court and inconsistent with the plain language of the Arbitration Act?

This Court understands this issue to encompass a determination of the time at which a cause of action accrues – thereby triggering the commencement of the statutory period for bringing a claim – in the specific context of an insurance contract containing a mandatory arbitration provision. Notably, this particular issue has not been waived, was advanced in the Petition for Allowance of Appeal, and has been briefed by both parties, without objection. As such, no further briefing is necessary.

Chief Justice Saylor files a concurring statement in which Justices Baer, Todd, Donohue, Dougherty and Mundy join.

Justice Wecht files a dissenting statement.